United States District Court
Middle District of Florida
Jacksonville Division

**CHRISTOPHER LOGAN SILVA,**

    Plaintiff,

v.    No. 3:24-cv-742-MMH-LLL

**JEROME HAYDEN POWELL,**

    Defendant.

_____

### Report and Recommendation

This cause is before the Court sua sponte. Plaintiff initiated this action in July 2024, by filing a complaint. Doc. 1. On the same date, plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), doc. 2, which the Court construed as a motion to proceed in forma pauperis. The Court determined plaintiff's motion, *id.*, contained "insufficient information . . . [to determine] whether plaintiff should proceed in forma pauperis . . ." and denied his motion without prejudice. Doc. 3. The Court then directed plaintiff that on or before October 29, 2024, "[he] may file a renewed motion; [and] if he does so, [he] is . . . to complete and re-file the enclosed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) . . . ." *Id*. Plaintiff failed to respond within the deadline.

As a result, the Court issued an Order to Show Cause, which directed plaintiff to either: "(1) submit an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) or (2) pay the appropriate filing fee. Additionally, plaintiff shall show cause in writing why his case should not be dismissed for lack of prosecution." Doc. 4 at 2. On November 22, 2024, plaintiff responded by filing a motion to proceed in forma pauperis (Long Form) and a response to the Court's Order to Show Cause, docs. 5, 6.

The Court subsequently entered an Order, doc. 7, denying without prejudice plaintiff's motion, doc. 5. Plaintiff was directed that on or before December 26, 2024, he "shall either submit an amended complaint that sets forth the factual bases for his claims and submit a renewed application to proceed without prepayment of fees or costs; or pay the filing fee." Doc 7 at 9. Plaintiff was cautioned that failure to comply with the deadline "may result in a recommendation that the action be dismissed." *Id*. Plaintiff again failed to respond within the deadline.

As a result, the Court issued a second Order to Show Cause, which directed plaintiff on or before January 17, 2025, to either: "(1) submit an amended complaint, correcting the deficiencies identified in the Court's Order, doc. 7, and submit a renewed application to proceed without prepayment of fees or costs; or (2) pay the appropriate filing fee. Additionally, plaintiff shall show cause in writing why he failed to comply with this Court's Order." Doc. 8 at 3. Plaintiff was a cautioned that failure to comply with the deadline "may result in a recommendation that plaintiff's case be dismissed without further notice." *Id*. To date, plaintiff has not responded.

Local Rule 3.10 provides that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." Local Rules of the United States District Court for the Middle District of Florida. I find plaintiff's lack of response to the Order to Show Cause constitutes a failure to demonstrate due diligence and just cause for delay.

## Recommendation

I respectfully **recommend**:

1. This case be **dismissed without prejudice** for failure to prosecute under Local Rule 3.10, Local Rules of the United States District Court for the Middle District of Florida; and

2. the Clerk be directed to terminate all pending motions and **close** the file.

**Entered** in Jacksonville, Florida, on February 4, 2025.

*[signature]*
LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
The Honorable Marcia Morales Howard, Chief United States District Judge
Christopher Logan Silva, pro se plaintiff
    52 Club House Dr., #108
    Palm Coast, FL 32137

**Notice**

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.